O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| VINCENT GILLESPIE, | ) | CASE NO. CV 08-04149 RGK (RZ) |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER –<br>(1)  DENYING *EX PARTE* MOTION<br>      FOR STAY OF PROCEEDINGS; |
| TERI PATTERSON, et al., | ) ) | (2)  DISMISSING FIRST<br>      AMENDED COMPLAINT |
| Defendants. | ) ) | WITH LEAVE TO AMEND |

The *pro se* Plaintiff, Vincent Gillespie, asserts in this civil rights action that the various defendants knowingly participated in a malicious prosecution against him in Ventura County, California, for an assault he did not commit, resulting in a conviction that was overturned on appeal. He seeks over $75,000 in damages, basing federal jurisdiction upon diversity of citizenship.

This Order addresses two filings by Plaintiff on July 30, 2008. First, the Court DENIES Plaintiff's *ex parte* motion to stay these proceedings pending the outcome of his writ petition in the California Court of Appeal. Plaintiff fails to show good cause for staying this action.

Second, this Court turns to Plaintiff's First Amended Complaint. The Court dismissed the initial complaint, with leave to amend, on June 27, 2008 because it lacked adequate allegations to show the parties' diversity of citizenship. Plaintiff's First Amended

1  Complaint (1AC) is far more detailed than its predecessor, a full 55 pages in length in
2  contrast to the *two*-page initial complaint.  Because the 1AC fails to show "complete
3  diversity" of state citizenship between the plaintiff and all defendants, however, the Court
4  again will dismiss the pleading with leave to amend.

## I.

## COMPLETE DIVERSITY OF CITIZENSHIP

Plaintiff again has not adequately pleaded diversity of citizenship, which is the only basis he asserts for federal jurisdiction.  *See* 28 U.S.C. § 1332; *Strawbridge v. Curtis*, 7 U.S. 267 (1806).  In the initial complaint, the shortcoming lay in the distinction between state *residency*, which Plaintiff did allege, and state *citizenship*, which he largely did not allege.  In the 1AC, the shortcoming instead is that Plaintiff does not (and perhaps cannot) allege *complete* diversity.  Although Plaintiff, a Massachusetts citizen, is diverse from those defendants whose state citizenship he *does* allege (in some instances based on information and belief), Plaintiff candidly admits that he does not know the state citizenship of at least two other defendants, even on information and belief.  Among these is the first-named defendant, Teri Patterson, who, Plaintiff alleges, began the entire underlying misadventures by physically attacking Plaintiff, prompting him to defend himself physically, whereupon Patterson falsely accused him of beating her without provocation.  In the section of the 1AC devoted to the parties' citizenship, Plaintiff alleges only that Patterson's "whereabouts [are] unknown."  Plaintiff also does not allege the citizenship of defendant Catherine Barrad, although he alleges that she works in Los Angeles.  *See* 1AC at 1 (captioned paragraph II.B).

It is insufficient for Plaintiff to allege that he does not know the state citizenship of some defendants or even that some defendants are *not* citizens of his own state of Massachusetts.  Rather, a plaintiff invoking diversity jurisdiction generally must "allege affirmatively the actual citizenship of the relevant parties."  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (remanding removed action where, among

1  other defects, defendants' notice of removal "did not affirmatively allege the state of
2  citizenship of [the] corporate defendants . . . ; it merely alleged that they were not citizens
3  of California"). Of course, Plaintiff may proceed in *state* court against non-diverse parties.
4  He cannot do so in federal court, however. This Court lacks subject-matter jurisdiction
5  over the action as currently pleaded and thus must dismiss the 1AC.

## II.

## CONCLUSION

Based on the foregoing, the 1AC hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his Second Amended Complaint (2AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 2AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 2AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court may deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id.*

///
///

1 | **The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: August 7, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE